UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
SHIRLEY ADRAKOR                     :
                                    :
                  Plaintiff,        :   03 Civ. 9423 (TPG)
                                    :
        - against -                 :   **OPINION**
                                    :
THE CITY OF NEW YORK, et al.,       :
                                    :
                  Defendants.       :
                                    :
------------------------------------x

Plaintiff Shirley Adrakor initially brought this action against the City of New York, Police Officer Joseph Gallagher, and ten unnamed defendant police officers, alleging violations of her constitutional rights and seeking damages under 42 U.S.C. § 1983 and attorney's fees under 42 U.S.C. § 1988. She also alleged state-law tort claims against Century 21 Department stores. Claims against the City of New York and Century 21 were dismissed. Defendant Gallagher previously moved for judgment on the pleadings. The Court converted that motion into one for summary judgment, granting it in part but denying the motion with respect to Adrakor's claims for false arrest and malicious prosecution. Further discovery was taken, and Gallagher has moved for summary judgment on the remaining claims. His motion is granted.

1

## Facts

On February 28, 2001, Adrakor was detained at her place of employment, the Century 21 Department Store on Cortlandt Street in lower Manhattan for suspicious activity. She was interrogated for approximately 40 minutes by two Century 21 security officers, who repeatedly attempted to induce Adrakor to sign a confession. Defendant Gallagher was present in an adjacent room during the interrogation, and one of the security officers periodically left the room to converse with Gallagher. In her deposition, Adrakor testified that she could hear that Gallagher and the security officer in the adjacent room were engaged in conversation. She also testified that she could not hear what they were saying, but that she did "not really" try to hear. In his deposition, Gallagher testified about the interrogation of Adrakor at Century 21, and has submitted no testimony indicating that he could not hear what was happening in the adjacent room.

Adrakor further testified that the security officers told her that she faced jail time if she refused to sign the confession, but that she would not be arrested if she did sign it, and also noted that she had a daughter and told her that she should sign the confession if she wanted to go home and see her daughter. No evidence has been submitted refuting these claims.

Adrakor did sign a confession. The confession recounts that Adrakor witnessed another employee, named Tasha Ates, process the

purchase of several items by Ates's boyfriend. The confession then states that Adrakor subsequently learned from Ates that the credit card was fraudulent. The statement also asserts that Ates's boyfriend returned in the evening, after Adrakor had learned the true nature of the fraudulent card, and purchased several items with the card, and those purchases were processed by Adrakor. Adrakor's statement further recites that she processed additional purchases by Ates using the same fraudulent credit card still later that same day.

At her deposition Adrakor testified that she watched Ates process the initial purchase, but denied processing the purchases made after she had learned that the card was fraudulent. However, she testified that she admitted to the security officers that she learned the card was fake after the initial purchases, and further that she never told the officers that she had <u>not</u> been involved in any subsequent transactions. At her deposition she testified that she signed a statement which averred that she had read the confession and agreed with everything in it.

The security officers gave the confession to Gallagher. Gallagher then arrested Adrakor and charged that "acting with one other [Adrakor] did use a stolen/fraudulent credit card to make purchases totaling $ 804.76." Adrakor was handcuffed and transported to the First Precinct, and subsequently to Manhattan Central Booking. There,

Adrakor signed another confession, similar to the one she signed while at Century 21. She was detained in police custody for at least 48 hours.

On February 13, 2002, all charges against Adrakor were dismissed.

**DISCUSSION**

The standard for deciding a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure is well-established. The motion can be granted only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In making this determination, the court is to "resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." Int'l Union v. United States Marshal's Serv., 350 F. Supp. 2d 522, 527 (S.D.N.Y. 2004).

### I. False Arrest

The elements of false arrest under § 1983 are substantially the same as the elements under New York law. Boyd v. City of New York, 336 F.3d 72 (2d Cir. 2003). Probable cause is a complete defense to a claim of false arrest under Section § 1983, Jenkins v. City of New York, 478 F.3d 76, 84 (2d Cir. 2007.

Probable cause exists "when the arresting officer has knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been

committed by the person to be arrested." Singer v. Fulton County
Sheriff, 63 F.3d 110, 118 (2d Cir. 1998). Even if the officer is mistaken,
and the arrestee did not commit the crime, he will not be held liable if he
acted reasonably and in good faith. Bernard v. United States, 25 F.3d
98, 102 (2d Cir. 1994).

Gallagher was entitled to rely on the confession that Adrakor
signed at Century 21 in arresting Adrakor.

Adrakor argues that her confession was coerced, and that
Gallagher knew this to be the case. But it was still a confession of
criminal conduct. If Adrakor's prosecution had proceeded to trial, the
judge may well have needed to determine whether the Century 21
confession was coerced and therefore a violation of Adrakor's
constitutional rights. But that was not for Gallagher to determine at the
time of the arrest. The court holds that Gallagher had probable cause to
arrest Adrakor.

## II. Malicious Prosecution

The elements of malicious prosecution under § 1983 are
borrowed from state law. To prevail, a plaintiff must show (1)
commencement of a criminal proceeding against him by the defendant;
(2) the proceeding ended in plaintiff's favor; (3) the defendant did not
have probable cause to believe the plaintiff was guilty; and (4) the
defendant acted with actual malice. Cook v. Sheldon, 41 F.3d 73 (2d Cir.

5

1994). Because, as discussed above, Gallagher had probable cause to arrest Adrakor based on the Century 21 confession, Adrakor cannot meet the third element of her claim for malicious prosecution under § 1983, and this claim is also dismissed.

### III. Qualified Immunity

Because Gallagher has met his burden on both of Adrakor's claims for relief, the court need not address whether he is entitled to qualified immunity.

Gallagher's motion for summary judgment is granted and Adrakor's complaint is dismissed.

Dated: New York, New York
March 26, 2008

SO ORDERED

Thomas P. Griesa
U.S.D.J.